# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **LESA CAROL CASTLE,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv00015 |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| Defendant | ) | BY: PAMELA MEADE SARGENT |
| | ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Lesa Carol Castle, ("Castle"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that she was not eligible for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2011). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge by transfer based on consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Oral argument has not been requested; therefore, the matter is ripe for decision.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as

-1-

"evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Castle protectively filed an application for DIB on December 18, 2009, (Record, ("R."), at 16), alleging disability as of November 17, 2009, due to a heart condition, diabetes, depression and anxiety. (R. at 156-58, 209.) The claim was denied initially and on reconsideration. (R. at 68-77, 79-89, 101-05, 106, 107-09, 111-13.) Castle then requested a hearing before an administrative law judge, ("ALJ"), (R. at 115-16.) A video conference hearing was held on March 26, 2012, at which Castle was represented by counsel. (R. at 39-67.)

By decision dated April 27, 2012, the ALJ denied Castle's claim. (R. at 16-26.) The ALJ found that Castle met the nondisability insured status requirements of the Act for DIB purposes through March 31, 2013. (R. at 18.) The ALJ also found that Castle had not engaged in substantial gainful activity since her alleged onset date of November 17, 2009. (R. at 18.) The ALJ found that the medical evidence established that Castle suffered from a combination of severe impairments, namely coronary artery disease, obesity, diabetes, chronic obstructive pulmonary disorder, ("COPD"), migraine headaches, depression and anxiety, but he found that Castle did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 18-20.) The ALJ also found that Castle had the residual functional capacity to perform a limited

range of medium work[1] that did not require more than occasional engagement in foot control operation with the right lower extremity, any climbing of ladders, ropes or scaffolding or more than occasional climbing of ramps and stairs, stooping, kneeling, crouching and crawling, any concentrated exposure to extreme temperatures, irritants such as fumes, odors, dust, gases and poorly ventilated areas and operational control of moving machinery and unprotected heights and that did not require more than simple, routine, repetitive tasks or occasional interaction with the general public and co-workers. (R. at 20-24.) The ALJ found that Castle was unable to perform any past relevant work. (R. at 24.) Based on Castle's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that other jobs existed in significant numbers that Castle could perform, including jobs as a merchandise marker, a small products assembler and an office mail clerk. (R. at 25.) Therefore, the ALJ found that Castle was not under a disability as defined under the Act and was not eligible for benefits. (R. at 26.) *See* 20 C.F.R. § 404.1520(g) (2013).

After the ALJ issued his decision, Castle pursued her administrative appeals, (R. at 11-12), but the Appeals Council denied her request for review. (R. at 1-4.) Castle then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2013). The case is before this court on Castle's motion for summary judgment filed September 16, 2013, and the Commissioner's motion for summary judgment

---

[1] Medium work involves lifting items weighing up to 50 pounds at a time with frequent lifting or carrying of items weighing up to 25 pounds. If an individual can do medium work, she also can do sedentary and light work. *See* 20 C.F.R. § 404.1567(c) (2013).

filed November 21, 2013. Neither party has requested oral argument.

*II. Facts and Analysis*

Castle has alleged disability beginning on November 17, 2009, due to a heart condition, diabetes, depression and anxiety. (R. at 156-58, 209.) At her hearing, Castle testified that she suffered a heart attack in November 2009 resulting in bypass of three of her coronary arteries. (R. at 44.) The medical evidence contained in the record shows that Castle presented to the emergency department at Indian Path Medical Center on November 17, 2009, for chest pain and pressure with radiation into her left arm. (R. at 355-56.) As a result of testing, including a heart catheterization, Castle was diagnosed with multi-vessel coronary artery disease. (R. at 363.) On November 19, 2009, Castle was transferred to Johnson City Medical Center, where she was admitted and triple heart artery bypass surgery was performed the next day. (R. at 272-73.) Castle was discharged a week later on November 26, 2009. (R. at 272.)

At her hearing, Castle testified that she continued to suffer from chest and arm pain in the same location as she experienced pain prior to her 2009 heart attack and bypass surgery. (R. at 44.) The medical reports document that Castle did continue to complain of chest pain and pressure and arm and shoulder pain to her health providers after her 2009 heart surgery. (R. at 337, 367, 376, 412, 419-20, 465, 480-81, 492, 512-15, 527-31, 535.)

In reaching his decision, the ALJ stated that he found Castle less than credible in her claims of continuing chest pain and ongoing difficulties since her

2009 heart attack. The ALJ reached this finding, in part, due to his finding that evidence of record showed that Castle's most recent indications of chest pain did not relate to a cardiac problem, but an anxiety problem. The ALJ also rejected the opinions of Castle's treating physician Dr. Nazia Shehzad, M.D., as to her residual functional capacity, in part, due to his finding that the medical evidence indicated that Castle had experienced improvement in her heart condition since her bypass in 2009.

The Commissioner uses a five-step process in evaluating DIB claims. *See* 20 C.F.R. § 404.1520 (2013); *see also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to her past relevant work; and 5) if not, whether she can perform other work. *See* 20 C.F.R. § 404.1520. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 404.1520(a) (2013).

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. The court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See*

*Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Castle argues that substantial evidence does not support the ALJ's finding that she was not disabled. (Plaintiff's Brief In Support Of Motion For Summary Judgment, ("Plaintiff's Brief"), at 12.) In particular, Castle argues that substantial evidence does not support the ALJ's weighing of the medical evidence. (Plaintiff's Brief at 12-17.) She further requests that the court remand the case to the Commissioner for the consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). (Plaintiff's Brief at 17-19.)

It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975.) Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(c), if he sufficiently explains his rationale and if the record supports his findings.

Based on my review of the record, I find that substantial evidence does not support the ALJ's findings as to Castle's continuing cardiac impairment. In particular, the ALJ's finding that Castle's cardiac condition had improved since her bypass is simply not supported by substantial evidence. Castle's counsel submitted additional evidence to the Appeals Council showing that Castle's coronary artery disease continued to present problems after her bypass surgery in 2009. (R. at 562-

-6-

75.)  In fact, this evidence shows that Castle's cardiac condition worsened to the point that she had to undergo cardiac catheterization and stent placement on April 4, 2012, just days before the ALJ issued his decision.  (R. at 570-72.)  While the ALJ did not have the benefit of this medical evidence in reaching his decision, this court should consider this evidence in determining whether substantial evidence supports the ALJ's findings because the Appeals Council considered this evidence in reaching its decision not to grant review.  *See Wilkins v. Sec'y of Dep't. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).  When this evidence is considered, I find that substantial evidence no longer supports the ALJ's findings with regard to Castle's cardiac condition.

Based on above-stated reasons, I will remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  Based on this ruling, I do not address Castle's argument seeking remand of her claim to the Commissioner for the consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g).

An appropriate order and judgment will be entered.

ENTERED: September 16, 2014.

                              s/ *Pamela Meade Sargent*
                              UNITED STATES MAGISTRATE JUDGE